UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| J. LAFLEUR, on behalf of himself and other individuals similarly situated,<br><br>         Plaintiffs,<br><br>  against<br><br>FLORIDA BOARD OF GOVERNORS; UNIVERSITY OF SOUTH FLORIDA; and other affiliated entities and individuals,<br><br>         Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff J. LAFLEUR (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, brings this class action against Defendants, FLORIDA BOARD OF GOVERNORS and UNIVERSITY OF SOUTH FLORIDA (collectively, "Defendants") alleging the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This class action is brought on behalf of Named Plaintiff J. LAFLEUR and those similarly situated who paid tuition and fees for the Spring 2020 semester, Summer 2020 semester, or any future semester at the University of South Florida ("USF") or any of the Universities in the State University System of Florida that are governed by the Florida Board of Governors[1] (collectively, the "Universities"), and who had their class(es) moved to online learning.

---

1. Consisting of Florida A&M University, Florida Atlantic University, Florida Gulf Coast University, Florida International University, Florida Polytechnic University, Florida State University, New College of Florida, University of Central Florida, University of Florida, University of North Florida, University of South Florida, and University of West Florida.

1

2. As a result of Defendants' response to the Novel Coronavirus Disease 2019 ("COVID-19"), Plaintiff and members of the Class did not receive the in-person benefits and services for which they bargained for in exchange for tuition and various fees paid.

3. Plaintiff and Defendants entered into a contract where Plaintiff would provide payment in the form of tuition and fees and Defendants would provide in-person educational services, experiences, opportunities, and other related services.

4. On or around March 11, 2020, the University of South Florida cancelled all in-person education and began transitioning to complete online education for at least two weeks, following Spring Break recess. On March 17, 2020 USF cancelled in-person classes through the remainder of the Spring 2020 semester. Similarly, at around the same time, all USF events, clubs, organizations and similar experiences and opportunities were cancelled.

5. Under the guidance of the Florida Board of Governors, all of the Universities similarly transitioned to remote online learning only, and cancelled all events, clubs, organizations and similar experiences and opportunities that the students paid fees for.

6. Based on these closures, Defendants have failed to uphold their end of the contract to provide in-person educational services and other related collegiate experiences and services.

7. Despite Defendants' failure to provide the services and experiences as bargained for, Defendants have not offered any refund of the tuition and fees that Plaintiff and the Class had paid.

## FACTS

8. Plaintiff and Class Members are individuals that were/will be obligated to pay tuition and fees for the Spring 2020 semester, Summer 2020 semester, and/or any future semester to the Universities.

9. Defendants accepted Plaintiff's and Class Members' payments in exchange for in-person educational services, experiences, and opportunities as detailed in Defendants' marketing, advertisements, and other public representations.

10. Based on the academic schedule, the Spring 2020 semester at USF commenced on or around January 13, 2020 and was scheduled to conclude on or around May 7, 2020. The Summer 2020 semester at USF commenced on or around May 18, 2020 and is scheduled to conclude on or around August 7, 2020.

11. Plaintiff J. Lafleur was an undergraduate student during the Spring 2020 semester. The University of South Florida charged Plaintiff approximately $2,059.72 in tuition and fees during the Spring 2020 semester, not including parking. Upon information and belief, Plaintiff has not received a refund for tuition, fees, or parking fees paid for the Spring 2020 semester.

12. Plaintiff is currently an undergraduate student during the Summer 2020 semester. USF charged Plaintiff approximately $1,300.00 in tuition and fees, including distance learning fees, a flat fee for athletics, an undergraduate local fee, and a technology fee, during the Summer 2020 semester. Upon information and belief, Plaintiff has not received a discount or refund of tuition or fees for the Summer 2020 semester.

13. The University of South Florida charges tuition and fees on a per credit hour basis, which varies depending on residential status and campus location, and are as follows for undergraduate students:

(a) Undergraduate

Enrolled prior to July 1, 2007; Continuous Enrollment

|  | In-State | Out-of-State |
|---|---|---|
| Tuition | 105.07 | 105.07 |
| Out-of-State Fee |  | 346.50 |
| Student Financial Aid Fee | 5.25 | 22.57 |
| Technology Fee | 5.25 | 5.25 |

Enrolled prior to July 1, 2007 – Non-continuous Enrolled on/after July 1, 2007

|  | Tampa | | St. Petersburg | | Sarasota-Manatee | |
|---|---|---|---|---|---|---|
|  | In-State | Out-of-State | In-State | Out-of-State | In-State | Out-of-State |
| Tuition | 105.07 | 105.07 | 105.07 | 105.07 | 105.07 | 105.07 |
| Differential Tuition | 46.88 | 46.88 | 35.14 | 35.14 | 35.14 | 35.14 |
| Out-of-State Fee |  | 346.50 |  | 346.50 |  | 346.50 |
| Student Financial Aid Fee | 5.25 | 22.57 | 5.25 | 22.57 | 5.25 | 22.57 |
| Technology Fee | 5.25 | 5.25 | 5.25 | 5.25 | 5.25 | 5.25 |

14.     USF's tuition and fees per credit hour for graduate students are as follows:

(b) Graduate

| Tampa | General | | Programmatic | | | | | |
|---|---|---|---|---|---|---|---|---|
|  |  |  | Business, Engineering | | Nursing | | Nursing-CRNA | |
|  | In-State | Out-of-State | In-State | Out-of-State | In-State | Out-of-State | In-State | Out-of-State |
| Tuition | 347.91 | 347.91 | 380.56 | 380.56 | 347.91 | 347.91 | 387.29 | 387.29 |
| Out-of-State Fee |  | 424.52 |  | 424.52 |  | 424.52 |  | 424.52 |
| Student Financial Aid Fee | 17.39 | 38.61 | 19.02 | 40.24 | 17.39 | 38.61 | 19.36 | 40.58 |
| Technology Fee | 17.39 | 17.39 | 19.02 | 19.02 | 17.39 | 17.39 | 19.36 | 19.36 |

| St. Petersburg | General | | Programmatic | |
|---|---|---|---|---|
|  |  |  | Business | |
|  | In-State | Out-of-State | In-State | Out-of-State |
| Tuition | 347.91 | 347.91 | 380.56 | 380.56 |
| Out-of-State Fee |  | 424.52 |  | 424.52 |
| Student Financial Aid Fee | 17.39 | 38.61 | 19.02 | 40.24 |
| Technology Fee | 17.39 | 17.39 | 19.02 | 19.02 |

4

| Sarasota-Manatee | General | | Programmatic | |
|---|---|---|---|---|
| | | | Business | |
| | In-State | Out-of-State | In-State | Out-of-State |
| Tuition | 347.91 | 347.91 | 380.56 | 380.56 |
| Out-of-State Fee | | 424.52 | | 424.52 |
| Student Financial Aid Fee | 17.39 | 38.61 | 19.02 | 40.24 |
| Technology Fee | 17.39 | 17.39 | 19.02 | 19.02 |

15. USF charges additional fees for undergraduate and graduate students, as follows:

**Undergraduate and Graduate Fees All Terms Except Summer Sessions 2020**

| | Tampa | St. Petersburg | Sarasota-Manatee |
|---|---|---|---|
| **Per Credit Hour** | | | |
| Capital Improvement | 6.76 | 6.76 | 6.76 |
| Activity and Service | 12.08 | 25.63 | 20.19 |
| Health | 9.94 | 4.90 | 4.03 |
| Athletic | 14.46 | 2.45 | 4.23 |
| Transportation Access | 3.00 | 2.25 | 0 |
| Marshall Center Use | 1.50 | 0 | 0 |
| Student Green Energy | 1.00 | 1.00 | 0 |
| **Block Fee per Term** | | | |
| Activity and Service | 7.00 | 0 | 0 |
| Athletic | 10.00 | 5.00 | 5.00 |
| Marshall Center Use | 20.00 | 0 | 0 |

16. In tacit acknowledgment that the students at USF were not receiving the same benefits, and that the fees should be partially refunded for the Spring 2020 semester, USF reduced its Summer 2020 semester fees, as follows:

5

Undergraduate and Graduate Fees for Summer Sessions 2020*

|  | Tampa | St. Petersburg | Sarasota-Manatee |
|---|---|---|---|
| **Per Credit Hour** | | | |
| Capital Improvement | 4.76 | 4.76 | 4.76 |
| Activity and Service | 10.58 | 23.66 | 10.50 |
| Health | 9.94 | 4.90 | 4.03 |
| Athletic | 0 | 0 | 0 |
| Transportation Access | 0 | 0 | 0 |
| Marshall Center Use | 0 | 0 | 0 |
| Student Green Energy | 0 | 0 | 0 |
| Distance Learning Fee | 26.79 | 9.67 | 15.92 |
| **Block Fee per Term** | | | |
| Activity and Service | 7.00 | 0 | 0 |
| Athletic | 10.00 | 5.00 | 5.00 |
| Marshall Center Use | 0 | 0 | 0 |

17.     Plaintiff and members of the Class paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services for the entire semester.

18.     According to the State University System of Florida, the average undergraduate tuition and fees per credit hour for a Florida State Resident during the Spring 2020 semester is approximately $197.97, and a similar type charge was applied for Summer 2020. Therefore, a full-time student, taking at least 12 credits, paid approximately $2,375.64 in tuition and fees and a student taking at least 15 credits, paid approximately $2,969.55 in tuition and fees for the Spring 2020 semester. The average per credit hour cost for a non-Florida resident is approximately $561.80, meaning a full-time student taking at least 12 credits, paid approximately $6,741.60 in tuition and fees and a full-time student taking at least 15 credits, paid approximately $8,427.00 in tuition and fees for the Spring 2020 semester.

19.     While prices vary throughout the State University System of Florida, the average tuition and fees for the Spring 2020 semester for a Florida state resident was approximately

$2,957.75. The average system wide tuition and fees for a non-Florida state resident was approximately $10,311.54.

20. Similar billing practices were employed for the Summer 2020 semester.

21. On or around March 17, 2020, USF announced that because of COVID-19 they would suspend all in-person classes for the remainder of the Spring Semester 2020 beginning on or around March 23, 2020 (following Spring Break recess) and that all learning would transition to online.

22. Defendants were unable to provide in-person educational experiences, services, and opportunities for approximately 50% of the Spring 2020 semester.

23. Prior to the suspension of in-person classes for the Spring 2020 semester, Plaintiff was involved in student activities and clubs, including a fraternity, engineering societies, and intramural sports, all of which were provided in exchange for the fees paid for the semester. Plaintiff's involvements in all such activities and clubs was halted due Defendants' response to COVID-19.

24. As a result of Defendants' closure, Defendants have not complied with their obligation to provide in-person educational services along with other experiences, opportunities, and services Plaintiff and the Class paid for.

25. Upon information and belief, under the guidance of the Board of Governors, all of the Universities followed a similar protocol and procedure for shutting down campuses, cancelling organizations, events, and the like, and cancelling in-person lectures by transitioning to remote online learning only.

26. Plaintiff and the Class did not enter into an agreement with Defendants for online education, but rather sought to receive in-person education from Defendants' institution.

27. Certain Class members had the option to apply for online programs at a significantly discounted rate, but chose to pay increased tuition and fees for in-person education and experiences.

28. For example, the University of Florida offers the following discounted online tuition:

**For Florida Residents:**



**For Non-Residents:**



29. In tacit acknowledgment that there is a clear and distinct discount in online degrees, the University of Florida advertises that you can earn a "greater degree, for less."

> UF Online ranks as the #1 most affordable online college according to AffordableColleges.com, meaning you can earn a greater degree, for less. And if you're seeking ways to make your education even more affordable, UF has a variety of financial aid options available.

30. Therefore, Plaintiff and Class Members are entitled to a pro-rata refund of the tuition and fees they paid to Defendants for in-person educational services as well as other marketed collegiate experiences and services that were not provided because the Universities transitioned to online only learning, and the services and experiences for which the fees were intended to pay were not provided.

## JURISDICTION AND VENUE

33. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

34. This court has personal jurisdiction over Defendants because Defendants maintains a principal place of business in this District.

35. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants operate and provide services to Class Members within this district.

## PARTIES

36. Plaintiff J. LAFLEUR is a student at the University of South Florida and a resident of Tampa, Florida 33647. Plaintiff was enrolled as an undergraduate student at the University of South Florida during the Spring 2020 semester and is currently enrolled as an undergraduate student for the Summer 2020 semester. Plaintiff has not received a refund and/or discount of tuition and fees paid to Defendants, despite the fact that USF has been shut down since on or about March 11, 2020.

37. Upon information and belief, the Florida Board of Governors is the governing body of the State University System of Florida, with its principal place of business at 325 W. Gaines Street, #1614, Tallahassee, FL 32399.

38. The State University System of Florida is a system of twelve public universities in the State of Florida, which is headquartered in Tallahassee, Florida.

39. Defendant the University of South Florida is a public university located at 4202 E. Fowler Ave., Tampa, FL 33620, and is a part of the State University System of Florida.

## CLASS ALLEGATIONS

40. Plaintiff brings this matter on behalf of himself and those similarly situated. As detailed in this Complaint, Defendants failed to provide the in-person education services the Plaintiff and Class paid tuition and fees to receive during the Spring Semester 2020, Summer 2020 semester, with the possibility of future semesters.

41. Plaintiff and the Class were impacted by and damaged by this misconduct.

42. Accordingly, this action is ideally situated for class-wide resolution.

43. The Class is defined as all individuals who paid tuition and fees to attend one of the Universities to receive in-person educational services, experiences, and opportunities during the Spring Semester 2020, Summer 2020 semester, or any future semester, but had their class(es) moved to online learning. ("Class").

44. The Class is properly brought and should be maintained as a class action under FRCP 23 satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

45. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Based on enrollment reports, Plaintiff believes that there are approximately 340,000 Class Members described above who have been damaged by Defendants breach of contract.

46. <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

   a. Whether Defendants accepted money from Plaintiff and Class Members in exchange for a promise to provide services;
   b. Whether Defendants provided those services as bargained for;
   c. Whether Plaintiff and the Class Members are entitled to a pro-rata portion of the tuition and fees paid for services that were not provided.;
   d. Whether Defendants were unjustly enriched;
   e. Whether Defendants converted money from the Plaintiff and Class Members.

47. <u>Typicality</u>: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was subject to Defendants breach of contract, unjust enrichment and conversion. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

48. <u>Adequacy</u>: Plaintiff is an adequate Class representative because his interests do not

conflict with the interests of the Class Members he seeks to represent; his claims are common to all members of the Class and he has a strong interest in vindicating her rights; he has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

49. The Class is properly brought and should be maintained as a class action under FRCP 23 because a class action is superior to traditional litigation of this controversy. Common issues of law and fact predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' deceptive and misleading practices.

50. In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia:*

51. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions;

    c. When Defendants' liability has been adjudicated, all Class Members' claims can

      be determined by the Class and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by single class action; and

i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendants' deceptive and discriminatory consumer practices.

52. Accordingly, this Class is properly brought and should be maintained as a class action under FRCP 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

53. Plaintiff and the Class can maintain this action as a class action under FRCP 23(b)(1), (2), and (3).

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (On Behalf of Plaintiff and All Class Members)

54. Plaintiff, on behalf of himself and other members of the class, adopts and re-alleges paragraphs 1 through 53, and brings a common law claim for Breach of Contract.

55. By accepting payment, Defendants entered into contractual arrangements with

Plaintiff and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020 and Summer Semester 2020.

56. Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services throughout the entirety of the semesters.

57. Defendants received and retained the benefits without providing those benefits to Plaintiff and Class Members.

58. As a direct and proximate result of Defendants' breach of contract, Plaintiff and Class Members have been harmed by not receiving the educational experiences, opportunities, and services they paid for during the entire semester.

59. Defendants are required to perform under the contract and COVID-19 does not excuse such performance. Therefore, Defendants should be required to return pro-rata shares of the tuition and fees paid by Plaintiff and Class Members that related to services that were not provided for after the Universities shut down on or around March 11, 2020.

WHEREFORE, Plaintiff demands judgment from Defendants for all applicable damages resulting from Defendant's breach.

## SECOND CAUSE OF ACTION
## CONVERSION
**(On Behalf of Plaintiff and All Class Members)**

60. Plaintiff, on behalf of himself and other members of the Class, adopts and re-alleges paragraphs 1 through 53, and brings a common law claim for Conversion.

61. Plaintiff and Class Members have an ownership right to the in-person educational services based on their payment of tuition and fees for the Spring Semester 2020 and Summer Semester 2020.

62. Defendants intentionally interfered with Plaintiff and the Class Members' ownership right when they canceled in-person instructions for the remainder of the Spring Semester 2020, and the entirety of the Summer Semester 2020.

63. Plaintiff and the Class Members were damaged by Defendants' interference as they paid for educational experiences and services for the entirety of the semesters, which were not provided.

64. Plaintiff and the Class Members are entitled to a pro-rata share of the tuition and fees they paid for but were not provided resulting from Defendants' interference.

WHEREFORE, Plaintiff demands judgment from Defendants for all applicable damages resulting from Defendant's breach.

### THIRD CAUSE OF ACTION
### COMMON LAW UNJUST ENRICHMENT
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

65. Plaintiff, on behalf of himself and other members of the class, adopts and re-alleges paragraphs 1 through 53, and brings a common law claim for unjust enrichment in the alternative, should there be no contract between Plaintiff and the Defendants.

66. Plaintiff and Class Members conferred financial benefits and paid substantial tuition and fees to Defendants for educational and related services for the Spring Semester 2020 and Summer Semester 2020. As bargained for these tuition and fee payments were intended to cover in-person education and experiences throughout the entire semesters.

67. Defendants accepted the obligation to provide such services when they accepted payment.

68. Defendants retained these payments, despite Defendants' failing to provide the

bargained for educational experiences and services for which the tuition and fees were collected to cover. Defendants should be required to return a pro-rated share of any tuition and fees, of which services were not provided as bargained for, since the Universities shut down on or around March 11, 2020.

69. Under common law principles of unjust enrichment, it is inequitable for Defendants to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

70. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

WHEREFORE, Plaintiff demands judgment from Defendants for all applicable damages resulting from Defendant's breach.

## **DEMANDS FOR RELIEF**

71. Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class, pray for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under FRCP 23;

(b) Awarding monetary damages, including damages;

(c) Awarding punitive and treble damages;

(d) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including a reasonable allowance of attorney's fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(f) Granting such other and further relief as the Court may deem just and proper.

Dated: July 21, 2020

Respectfully submitted,

/s/ Joshua H. Eggnatz
Joshua H. Eggnatz, Esq.
Fla. Bar No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar No.: 0083397
**EGGNATZ | PASCUCCI**
7450 Griffin Rd, Ste. 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913
JEggnatz@JusticeEarned.com
Mpascucci@JusticeEarned.com

*Local Counsel for Plaintiff and the putative class*

Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
*(To be admitted Pro Hac Vice)*

*Trial Counsel for Plaintiff and the putative class*

Jason P. Sultzer, Esq.
Adam Gonnelli, Esq.
Jeremy Francis, Esq.
**THE SULTZER LAW GROUP, P.C.**
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel: (854) 705-9460
sultzerj@thesultzerlawgroup.com
Gonnellia@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com
*(To be admitted Pro Hac Vice)*

*Trial Counsel for Plaintiff and the putative class*