**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JARRETT LAFLEUR, AMBER GREY, LINDSEY RELUE, JOSHUA HARKNESS, STACEY LEE FIELD, NICK CAPPS, and ALYSSA COATES on behalf of themselves and other individuals similarly situated,<br><br>        Plaintiffs,<br><br>  vs<br><br>STATE UNIVERSITY SYSTEM OF FLORIDA; TIMOTHY M. CERIO, RICHARD CORCORAN, AUBREY EDGE, PATRICIA FROST, H. WAYNE HUIZENGA, JR., DARLENE LUCCIO JORDAN, SYDNEY KITSON, CHARLES H. LYDECKER, BRIAN LAMB, ALAN LEVINE, ALLY SCHNEIDER, STEVEN M. SCOTT, ERIC SILAGY, WILLIAM SELF, KENT STERMON, and NORMAN D. TRIPP; and other affiliated entities and individuals,<br><br>        Defendants. | Case No. 8:20-cv-01665<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Named Plaintiffs JARRETT LAFLEUR, AMBER GREY, LINDSEY RELUE, JOSHUA HARKNESS, STACEY LEE FIELD, NICK CAPPS, and ALYSSA COATES (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys, brings this First Amended Class Action Complaint against Defendants, STATE UNIVERSITY SYSTEM OF FLORIDA (the "System"), and TIMOTHY M. CERIO, RICHARD CORCORAN, AUBREY EDGE, PATRICIA FROST, H. WAYNE HUIZENGA, JR., DARLENE LUCCIO JORDAN, SYDNEY KITSON, CHARLES H. LYDECKER, BRIAN LAMB, ALAN LEVINE, ALLY SCHNEIDER, STEVEN M. SCOTT, ERIC SILAGY, WILLIAM SELF, KENT STERMON, and NORMAN D. TRIPP in their capacity as members of the Board of Governors (the "Board," or

1

collectively with the System, "Defendants") alleging the following upon information and belief, except for those allegations pertaining to Plaintiffs, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This class action is brought on behalf of Named Plaintiffs JARRETT LAFLEUR, AMBER GREY, LINDSEY RELUE, JOSHUA HARKNESS, STACEY LEE FIELD, NICK CAPPS, and ALYSSA COATES and those similarly situated who paid tuition and fees for the Spring 2020 semester, Summer 2020 semester, or any future semester at any of the Universities in the State University System of Florida that are governed by the Florida Board of Governors[1] (collectively, the "Universities"), and who had their educational experiences and class(es) moved to online learning.

2.      As a result of Defendants' response to the Novel Coronavirus Disease 2019 ("COVID-19"), Plaintiffs and members of the Class did not receive the in-person benefits and services for which they bargained for in exchange for tuition and various fees paid.

3.      Plaintiffs and Defendants entered into a contract where Plaintiffs would provide payment in the form of tuition and fees and Defendants would provide in-person educational services, experiences, opportunities, and other related services.

4.       On or around March 11, 2020, the University of South Florida ("USF"), where Plaintiff Lafleur was enrolled, cancelled all in-person education and began transitioning to complete online education for at least two weeks, following Spring Break recess. On March 17, 2020 USF cancelled in-person classes through the remainder of the Spring 2020 semester.

---

1.      Florida A&M University, Florida Atlantic University, Florida Gulf Coast University, Florida International University, Florida Polytechnic University, Florida State University, New College of Florida, University of Central Florida, University of Florida, University of North Florida, University of South Florida, and University of West Florida.

Similarly, at around the same time, all USF events, clubs, organizations and similar experiences and opportunities were cancelled.

5.     Under the guidance of the Florida Board of Governors, all of the Universities, including the Universities attended by the other named Plaintiffs, similarly transitioned to remote online learning only, and cancelled all events, clubs, organizations and similar experiences and opportunities that the students paid fees for.

6.     Based on these closures, Defendants have failed to uphold their end of the contract to provide in-person educational services and other related collegiate experiences and services.

7.     Despite Defendants' failure to provide the services and experiences as bargained for, Defendants have not offered any refund of the tuition and fees that Plaintiffs and the Class had paid.

### FACTS

8.      Plaintiffs and Class Members are individuals that were/will be obligated to pay tuition and fees for the Spring 2020 semester, Summer 2020 semester, and/or any future semester to the Universities.

9.      Defendants accepted Plaintiffs' and Class Members' payments in exchange for in-person educational services, experiences, and opportunities as detailed in Defendants' marketing, advertisements, and other public representations.

10.     Based on the academic schedule, the Spring 2020 semester at USF commenced on or around January 13, 2020 and was scheduled to conclude on or around May 7, 2020. The Summer 2020 semester at USF commenced on or around May 18, 2020 and was scheduled to conclude on or around August 7, 2020.

11.      Under the guidance of the Florida Board of Governors, all of the Universities, including the Universities attended by the other named Plaintiffs, utilized similarly schedules with minor variation in dates.

12.      The University of South Florida charges tuition and fees on a per credit hour basis, which varies depending on residential status and campus location, and are as follows for undergraduate students:

**(a) Undergraduate**

Enrolled prior to July 1, 2007; Continuous Enrollment

|  | In-State | Out-of-State |
|---|---|---|
| Tuition | 105.07 | 105.07 |
| Out-of-State Fee |  | 346.50 |
| Student Financial Aid Fee | 5.25 | 22.57 |
| Technology Fee | 5.25 | 5.25 |

Enrolled prior to July 1, 2007 – Non-continuous Enrolled on/after July 1, 2007

|  | Tampa | | St. Petersburg | | Sarasota-Manatee | |
|---|---|---|---|---|---|---|
|  | In-State | Out-of-State | In-State | Out-of-State | In-State | Out-of-State |
| Tuition | 105.07 | 105.07 | 105.07 | 105.07 | 105.07 | 105.07 |
| Differential Tuition | 46.88 | 46.88 | 35.14 | 35.14 | 35.14 | 35.14 |
| Out-of-State Fee |  | 346.50 |  | 346.50 |  | 346.50 |
| Student Financial Aid Fee | 5.25 | 22.57 | 5.25 | 22.57 | 5.25 | 22.57 |
| Technology Fee | 5.25 | 5.25 | 5.25 | 5.25 | 5.25 | 5.25 |

13.      USF's tuition and fees per credit hour for graduate students are as follows:

**(b) Graduate**

| Tampa | General | | Programmatic | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Business, Engineering | | Nursing | | Nursing-CRNA | |
| | In-State | Out-of-State | In-State | Out-of-State | In-State | Out-of-State | In-State | Out-of-State |
| Tuition | 347.91 | 347.91 | 380.56 | 380.56 | 347.91 | 347.91 | 387.29 | 387.29 |
| Out-of-State Fee | | 424.52 | | 424.52 | | 424.52 | | 424.52 |
| Student Financial Aid Fee | 17.39 | 38.61 | 19.02 | 40.24 | 17.39 | 38.61 | 19.36 | 40.58 |
| Technology Fee | 17.39 | 17.39 | 19.02 | 19.02 | 17.39 | 17.39 | 19.36 | 19.36 |

| St. Petersburg | General | | Programmatic | |
|---|---|---|---|---|
| | | | Business | |
| | In-State | Out-of-State | In-State | Out-of-State |
| Tuition | 347.91 | 347.91 | 380.56 | 380.56 |
| Out-of-State Fee | | 424.52 | | 424.52 |
| Student Financial Aid Fee | 17.39 | 38.61 | 19.02 | 40.24 |
| Technology Fee | 17.39 | 17.39 | 19.02 | 19.02 |

| Sarasota-Manatee | General | | Programmatic | |
|---|---|---|---|---|
| | | | Business | |
| | In-State | Out-of-State | In-State | Out-of-State |
| Tuition | 347.91 | 347.91 | 380.56 | 380.56 |
| Out-of-State Fee | | 424.52 | | 424.52 |
| Student Financial Aid Fee | 17.39 | 38.61 | 19.02 | 40.24 |
| Technology Fee | 17.39 | 17.39 | 19.02 | 19.02 |

14.     USF charges additional fees for undergraduate and graduate students, as follows:

5

**Undergraduate and Graduate Fees All Terms Except Summer Sessions 2020**

| | Tampa | St. Petersburg | Sarasota-Manatee |
|---|---|---|---|
| **Per Credit Hour** | | | |
| **Capital Improvement** | 6.76 | 6.76 | 6.76 |
| **Activity and Service** | 12.08 | 25.63 | 20.19 |
| **Health** | 9.94 | 4.90 | 4.03 |
| **Athletic** | 14.46 | 2.45 | 4.23 |
| **Transportation Access** | 3.00 | 2.25 | 0 |
| **Marshall Center Use** | 1.50 | 0 | 0 |
| **Student Green Energy** | 1.00 | 1.00 | 0 |
| **Block Fee per Term** | | | |
| **Activity and Service** | 7.00 | 0 | 0 |
| **Athletic** | 10.00 | 5.00 | 5.00 |
| **Marshall Center Use** | 20.00 | 0 | 0 |

15.     In tacit acknowledgment that the students at USF were not receiving the same benefits, and that the fees should be partially refunded for the Spring 2020 semester, USF reduced its Summer 2020 semester fees, as follows:

**Undergraduate and Graduate Fees for Summer Sessions 2020***

| | Tampa | St. Petersburg | Sarasota-Manatee |
|---|---|---|---|
| **Per Credit Hour** | | | |
| **Capital Improvement** | 4.76 | 4.76 | 4.76 |
| **Activity and Service** | 10.58 | 23.66 | 10.50 |
| **Health** | 9.94 | 4.90 | 4.03 |
| **Athletic** | 0 | 0 | 0 |
| **Transportation Access** | 0 | 0 | 0 |
| **Marshall Center Use** | 0 | 0 | 0 |
| **Student Green Energy** | 0 | 0 | 0 |
| **Distance Learning Fee** | 26.79 | 9.67 | 15.92 |
| **Block Fee per Term** | | | |
| **Activity and Service** | 7.00 | 0 | 0 |
| **Athletic** | 10.00 | 5.00 | 5.00 |
| **Marshall Center Use** | 0 | 0 | 0 |

16.     Under the guidance of the Florida Board of Governors, all of the Universities, including the Universities attended by the other named Plaintiffs, utilized similar payment schedules, including the assessment of mandatory fees and tuition charges.

17.     The Universities represented that specific fees were assessed in exchange for the specific services offered by the University.

18.     According to the State University System of Florida, the average undergraduate tuition and fees per credit hour for a Florida State Resident during the Spring 2020 semester is approximately $197.97, and a similar type charge was applied for Summer 2020. Therefore, a full-time student, taking at least 12 credits, paid approximately $2,375.64 in tuition and fees and a student taking at least 15 credits, paid approximately $2,969.55 in tuition and fees for the Spring 2020 semester. The average per credit hour cost for a non-Florida resident is approximately $561.80, meaning a full-time student taking at least 12 credits, paid approximately $6,741.60 in tuition and fees and a full-time student taking at least 15 credits, paid approximately $8,427.00 in tuition and fees for the Spring 2020 semester.

19.     While prices vary throughout the State University System of Florida, the average tuition and fees for the Spring 2020 semester for a Florida state resident was approximately $2,957.75. The average system wide tuition and fees for a non-Florida state resident was approximately $10,311.54.

20.     Similar billing practices were employed for the Summer 2020 semester and are expected to be assessed during the Fall 2020 semester.

21.     Plaintiffs and members of the Class paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services for the entire semester.

22.     On or around March 17, 2020, USF announced that because of COVID-19 they would suspend all in-person classes for the remainder of the Spring Semester 2020 beginning on or around March 23, 2020 (following Spring Break recess) and that all learning would transition to online.

23.     Under the guidance of the Florida Board of Governors, all of the Universities, including the Universities attended by the other named Plaintiffs, similarly transitioned to remote online learning only, and cancelled all events, clubs, organizations and similar experiences and opportunities that the students paid fees for.

24.     Defendants were unable to provide in-person educational experiences, services, and opportunities for approximately 50% of the Spring 2020 semester at the Universities.

25.     Prior to the suspension of in-person classes for the Spring 2020 semester, Plaintiffs were involved in student activities and clubs, utilized campus facilities, and used the educational resources that the Universities provided, all of which were provided in exchange for the fees paid for the semester. Plaintiff's involvements in all such activities and clubs was halted due Defendants' response to COVID-19.

26.     As a result of Defendants' closure, Defendants have not complied with their obligation to provide in-person educational services along with other experiences, opportunities, and services Plaintiffs and the Class paid for.

27.     Under the guidance of the Board of Governors, all of the Universities followed a similar protocol and procedure for shutting down campuses, cancelling organizations, events, and the like, and cancelling in-person lectures by transitioning to remote online learning only.

28.     Plaintiffs and the Class did not enter into an agreement with Defendants for online only education, but rather sought to receive in-person education from Defendants' institution.

29.     Class members had the option to apply for online programs at a significantly discounted rates, but Class Members chose to pay increased tuition and fees for in-person education and experiences.

30.     The price for an online education is significantly lower than what is paid for an in-person on campus education. The two education options are promoted and priced differently, and are separate and distinct.

31.     For example, the University of Florida offers the following discounted online tuition:

**For Florida Residents:**



**For Non-Residents:**



32.    In tacit acknowledgment that there is a clear and distinct discount in online degrees, the University of Florida advertises that you can earn a "greater degree, for less."

> UF Online ranks as the #1 most affordable online college according to AffordableColleges.com, meaning you can earn a greater degree, for less. And if you're seeking ways to make your education even more affordable, UF has a variety of financial aid options available.

33.    The Universities have provided Plaintiffs and members of the Class with the reduced benefits similar to that of the online degree offerings, all while retaining the higher priced tuition and fees paid for in-person on-campus education and experiences.

34.    Plaintiffs and Class Members are entitled to a pro-rata refund of the tuition and fees they paid to Defendants for in-person educational services as well as other marketed collegiate experiences and services that were not provided because the Universities transitioned to online only learning, and the services and experiences for which the fees were intended to pay were not provided.

35.     Defendants are obligated to uphold the Florida and United States Constitution.

36.     By denying in-person learning and on-campus benefits and opportunities, Defendants have violated the Florida Constitution, Article I, § 9 and Article X, § 6, and the United States Constitution's Fifth and Fourteenth Amendments. Plaintiffs and members of the Class are entitled to a pro-rated refund of tuition and Mandatory Fees for the duration of the University's COVID-19 related closures for the in-person education and on-campus services and opportunities that Plaintiff and members of the Class have been denied.

## JURISDICTION AND VENUE

33.     This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

34.     This court has personal jurisdiction over Defendants because Defendants maintains its principal place of business in this District.

35.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants operate their headquarters within this district.

## PARTIES

37.     Plaintiff Jarrett Lafleur was an undergraduate student during the Spring 2020 semester and Summer 2020 Semesters. The University of South Florida charged Plaintiff approximately $2,059.72 in tuition and fees during the Spring 2020 semester, not including parking, and charged approximately $1,300.00 in tuition in fees, including distance learnings fees, a flat fee for athletics, an undergraduate local fee, and a technology fee, during the Summer 2020

semester. Plaintiff Lafleur has not received a refund and/or discount of tuition and fees paid to Defendants, despite the fact that USF has been shut down since on or about March 11, 2020.

38.     Plaintiff Amber Grey attended the University of South Florida as an undergraduate during the Spring 2020 and Summer 2020 Semesters, and she is a resident of Brandon, Florida 33510. She paid $6,835.47 in tuition and fees for the Spring 2020 Semester inclusive of grants and paid tuition of more than $2,400 and fees of more than $550, including a technology fee, local fees, a flat athletics fee, a distance learning fee, and other fees, during the Summer 2020 semester. Plaintiff Grey has not received a refund and/or discount of tuition and fees paid to Defendants, despite the fact that USF has been shut down since on or about March 11, 2020.

39.     Plaintiff Lindsey Relue attended the University of Central Florida as an undergraduate Biology Major during the Spring 2020 Semester. She paid $3,319.20 in tuition and fees, including a activity and service fee, a transportation fee, a health fee, an athletic fee, and a technology fee, for the Spring 2020 Semester, and she is a resident of Tampa, Florida 33647. Plaintiff Relue has not received a refund and/or discount of tuition and fees paid to Defendants, despite the fact that UCF has been shut down since on or about March 11, 2020.

40.     Plaintiff Joshua Harkness attended the University of Central Florida as an undergraduate Data Analytics Major during the Spring 2020 and Summer 2020 Semesters, and he is a resident of Winter Springs, Florida 32708. He paid $7,260.00 in tuition and fees for the Spring 2020 Semester, and he paid $7,324 for Summer 2020 semester. Plaintiff Harkness is enrolled and expects to take classes during the Fall 2020 semester. Plaintiff Harkness has not received a refund and/or discount of tuition and fees paid to Defendants, despite the fact that UCF has been shut down since on or about March 11, 2020.

41.     Plaintiff Stacey Lee Field attended the University of Western Florida as a graduate Psychology Major during the Spring 2020 Semester, and she is a resident of Pensacola, Florida 32514. She paid $1,142.00 in tuition and fees for the Spring 2020 Semester. Plaintiff Field has not received a refund and/or discount of tuition and fees paid to Defendants, despite the fact that UWF has been shut down since on or about March 11, 2020.

42.     Plaintiff Nick Capps attended the University of Northern Florida as an undergraduate Business Management Major during the Spring 2020 Semester, and he is a resident of Cocoa, Florida 32927. Nick paid $6,184.00 in tuition and fees, including an athletics fee, an activity fee, a health fee, a counseling fee, a student union fee, a transportation fee, a technology fee, a wellness center fee, and a student life & services fees, for the Spring 2020 Semester. Plaintiff Capps has not received a refund and/or discount of tuition and fees paid to Defendants, despite the fact that UNF has been shut down since on or about March 11, 2020.

43.     Plaintiff Alyssa Coates attended Florida Atlantic University as a graduated student in accounting during the Spring 2020 Semester, and he is a resident of Cocoa, Florida 32927. Plaintiff Coates paid more than $4,400.00 in tuition and fees, including a transportation access fee and an learning fee, for the Spring 2020 Semester. Plaintiff Coates has not received a refund and/or discount of tuition and fees paid to Defendants, despite the fact that Florida Atlantic has been shut down since on or about March 11, 2020.

36.     Defendants Timothy M. Cerio, Richard Corcoran, Aubrey Edge, Patricia Frost, H. Wayne Huizenga, Jr., Darlene Luccio Jordan, Sydney Kitson, Charles H. Lydecker, Brian Lamb, Alan Levine, Aly Schneider, Steven M. Scott, Eric Silagy, William Self, Kent Stermon, and Norman D. Tripp are being sued in their official capacities as members of the Board of Governors.

37.     Upon information and belief, the Florida Board of Governors is the governing body of the State University System of Florida, with its principal place of business at 325 W. Gaines Street, #1614, Tallahassee, FL 32399. The Board oversees the operation and management of the System.[2]

38.     The State University System of Florida is a system of twelve public Universities in the State of Florida, which is headquartered in Tallahassee, Florida.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring this matter on behalf of themselves and those similarly situated. As detailed in this Complaint, Defendants failed to provide the in-person education services the Plaintiffs and Class paid tuition and fees to receive during the Spring Semester 2020, Summer 2020 semester, with the possibility of future semesters.

40.     Plaintiffs and the Class were impacted by and damaged by this misconduct.

41.     Accordingly, this action is ideally situated for class-wide resolution.

42.     The Class is defined as all individuals who paid tuition and fees to attend one of the Universities to receive in-person educational services, experiences, and opportunities during the semesters affected by COVID-19 including the Spring Semester 2020, Summer 2020 semester, or any future semester, but had their educational experiences and class(es) moved to online only learning. ("Class").

43.     The Class is properly brought and should be maintained as a class action under FRCP 23 satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

44.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is

---

[2] https://www.flbog.edu/board/members/

impracticable. Based on enrollment reports, Plaintiff believes that there are approximately 340,000 Class Members described above who have been damaged by Defendants breach of contract.

45.     Commonality: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

   a.  Whether Defendants accepted money from Plaintiffs and Class Members in exchange for a promise to provide services;
   b.  Whether Defendants provided those services as bargained for;
   c.  Whether Plaintiffs and the Class Members are entitled to a pro-rata portion of the tuition and fees paid for services that were not provided;
   d.  Whether Defendants complied with Constitutional requirements for seizing and retaining private property of the Plaintiffs and the Class;
   e.  Whether Defendants afforded Plaintiffs and Class members notice and due process before seizing and retaining their property;
   f.  Whether Defendants were unjustly enriched; and
   g.  Whether Defendants converted money from the Plaintiffs and Class Members.

46.     Typicality: Plaintiffs are a member of the Class. Plaintiffs' claims are typical of the claims of each Class Member in that every member of the Class was subject to Defendants breach of contract, unjust enrichment and conversion. Plaintiffs are entitled to relief under the same causes of action as the other Class Members.

47.     Adequacy: Plaintiffs are an adequate Class representative because their interests do not conflict with the interests of the Class Members they seek to represent; their claims are common to all members of the Class and they have a strong interest in vindicating their rights; they have retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiffs have no interest which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiffs and their counsel. Defendants have acted in a manner generally applicable to the Class, making relief

appropriate with respect to Plaintiffs and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

48.     The Class is properly brought and should be maintained as a class action under FRCP 23 because a class action is superior to traditional litigation of this controversy. Common issues of law and fact predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' deceptive and misleading practices.

49.     In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia:*

50.     <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions;

    c.  When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Class and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e.  Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f.  This class action will assure uniformity of decisions among Class Members;

    g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    h.  Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by single class action; and

    i.  It would be desirable to concentrate in this single venue the litigation of all

plaintiffs who were induced by Defendants' deceptive and discriminatory consumer practices.

51.     Accordingly, this Class is properly brought and should be maintained as a class action under FRCP 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

52.     Plaintiffs and the Class can maintain this action as a class action under FRCP 23(b)(1), (2), and (3).

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiffs and All Class Members)**

53.     Plaintiffs, on behalf of themselves and other members of the class, bring a common law claim for Breach of Contract, and incorporate all allegations previously made in paragraphs 1 through 52 herein.

54.     By accepting payment, Defendants entered into contractual arrangements with Plaintiffs and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020 and Summer Semester 2020.

55.     Defendants are in possession of all contracts, agreements, circulars, promotional materials, and the like between Plaintiffs and members of the Class on one hand, and Defendants on the other.

56.     Plaintiffs and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services throughout the entirety of the semesters.

57.     Plaintiffs paid athletics fees, lab fees, and other fees associated with specific services that Defendants were unable to provide because of COVID-19.

58.     Plaintiffs paid tuition based on specific promises made to them about the educational opportunities, experiences, and services that the Universities were unable to provide because of COVID-19.

59.     Defendants received and retained the benefits without providing those benefits to Plaintiffs and Class Members.

60.     As a direct and proximate result of Defendants' breach of contract, Plaintiffs and Class Members have been harmed by not receiving the educational experiences, opportunities, and services they paid for during the semesters affected by COVID-19.

61.     Defendants are required to perform under the contract and COVID-19 does not excuse such performance. Therefore, Defendants should be required to return pro-rata shares of the tuition and fees paid by Plaintiffs and Class Members that related to services that were not provided for after the Universities shut down on or around March 11, 2020.

WHEREFORE, Plaintiffs demand judgment for monetary damages in the amount of the total tuition and fees wrongfully paid by Plaintiffs and Class Members, together with interest and costs and an award of attorney's fees as permitted pursuant to applicable law.


### SECOND CAUSE OF ACTION
### VIOLATION OF THE TAKINGS CLAUSE – 42 U.S.C. § 1983
#### (On Behalf of Plaintiff and All Class Members)

62.     Plaintiffs bring this count individually and on behalf of the Class, and incorporate all allegations previously made in paragraphs 1 through 52 herein.

63.     The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V. The Takings Clause is

made applicable to the states through the Fourteenth Amendment. *See* U.S. Const. Amend. XIV; *Murr v. Wisconsin*, 137 S. Ct. 1933, 1942, 198 L. Ed. 2d 497 (2017) (citing *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897)). Similarly, Article X, § 6 of the Florida Constitution provides that private property shall not be taken "except for a public purpose and with full compensation therefore paid to each owner . . . ." Florida Const. Art. X, § 6. Thus, the takings clauses of the U.S. and Florida Constitutions prohibit states, and state agencies like the Board and System, from taking private property for public use without just compensation.

64.     Takings claims may properly be brought against state agencies and are not barred by sovereign immunity.

65.     Common law has recognized that there is a property right by an owner in funds held in an account managed by another. Here, the Universities received payment of tuition and fees from private citizens, as consideration for the benefit of receiving in-person course instruction and other on-campus benefits - the funds are thus private in nature but held by a public entity. Plaintiffs and the other members of the Class have a protected property right in all sums they paid to the Universities.

66.     Defendants violated the takings clauses by failing to return to Plaintiffs and members of the Class that portion of the tuition and fees for which they received nothing, or significantly less than what they bargained for in return. Neither Plaintiffs nor the other Class members have made a knowing and voluntary waiver of their constitutional right under the Fifth Amendment or under the Florida Constitution to be paid just compensation for the taking of their property rights in those funds.

67.     Thus, Plaintiffs and the Class are entitled to just compensation for the taking of their property.

WHEREFORE, Plaintiffs demand judgment for monetary damages in the amount of the total tuition and fees wrongfully paid by Plaintiffs and Class Members, together with interest and costs and an award of attorney's fees as permitted pursuant to applicable law.

**THIRD CAUSE OF ACTION**
**VIOLATION OF DUE PROCESS – 42 U.S.C. § 1983**
**(On Behalf of Plaintiff and All Class Members)**

68.     Plaintiffs bring this count individually and on behalf of the Class, and incorporate all allegations previously made in paragraphs 1 through 52 herein.

69.     Government actors must provide adequate due process procedures when depriving citizens of protected property interests. U.S. Const. Amend. XIV; Florida Const. Art. I, § 9.

70.     The due process clauses of the U.S. and Florida Constitutions prohibit the State of Florida and the governmental agencies that it forms, such as the Board and Universities, from depriving citizens of a protected property interest without due process of law.

71.     Plaintiffs and the Class members had a constitutionally protected property interest in the tuition fees they paid for in-person education and on-campus services and opportunities but were denied due to the actions of the Defendants.

72.     Defendants took action affecting Plaintiffs and the other Class members' constitutionally protected property interest by retaining amounts from Plaintiffs' and the Class members' payment of tuition and fees.

73.     Defendants deprived Plaintiffs and the other Class members of their protected property interests without due process of law by, for example:

   a.   Failing to provide timely notice to Plaintiffs and the Class, whose identity and contact information Defendants either knew, or by exercise or reasonable diligence should have known, of the refundable nature of the tuition and fees;

   b.   Failing to design and implement criteria by which the tuition and fees can be refunded to Plaintiffs and the Class in light of the Universities ceasing or severally limiting all on-campus in-person lectures and activities due to the COVID-19 pandemic; and

   c.   Failing to design and implement a mechanism by which Plaintiffs and the other Class members can obtain a refund of the tuition and Mandatory Fees in light

of the Universities ceasing or severely limiting all on-campus in-person lectures and activities due to the COVID-19 pandemic.

74.     Defendants' failure to comply with the requirements of due process has resulted in substantial detriment to the Plaintiffs and the Class.

WHEREFORE, Plaintiffs demand judgment for monetary damages in the amount of the total tuition and fees wrongfully paid by Plaintiffs and Class Members, together with interest and costs and an award of attorney's fees as permitted pursuant to applicable law.

## FOURTH CAUSE OF ACTION
## CONVERSION
### (On Behalf of Plaintiff and All Class Members)

75.     Plaintiffs, on behalf of themselves and other members of the Class, bring a common law claim for Conversion, and incorporate all allegations previously made in paragraphs 1 through 52 herein.

76.     Plaintiffs and members of the Class provided the Universities with property in the form of funds (tuition and fees), to be in exchange for in person on campus services, facilities and face to face instruction.

77.     The Universities exercise control over Plaintiffs' and Class members' property.

78.     The Universities intentionally interfered with Plaintiffs' and the Class members' property when it unilaterally moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the fees were intended to pay, all while retaining the tuition and fees paid by Plaintiffs and the Class.

79.     Class members demanded the return of their property proportionate to the reduction in benefit for education and services during remainder of the Spring 2020 semester, or the entirety

21

of the Summer 2020 or any future semesters, when in-person and on-campus live education, and access to the Universities' services and facilities were unavailable.

80.     The Universities' retention of the tuition and fees paid by Plaintiffs and the Class without providing the services for which they paid, deprived Plaintiffs and Class of the benefits for which the tuition and fees were paid, and of their funds paid for those benefits.

81.     Plaintiffs and the Class members are entitled to the return of the pro-rated amounts of tuition and fees each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester, or the entirety of the Summer 2020 or any future semesters, when in-person and on-campus live education, and access to the Universities' services and facilities were unavailable.

WHEREFORE, Plaintiffs demand judgment for monetary damages in the amount of the total tuition and fees wrongfully paid by Plaintiffs and Class Members, together with interest and costs and an award of attorney's fees as permitted pursuant to applicable law.

**FIFTH CAUSE OF ACTION**
**COMMON LAW UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

82.     Plaintiffs incorporate all allegations previously made in paragraphs 1 through 52 herein.

83.     Plaintiffs, on behalf of themselves and other members of the Class, bring this equitable  common law claim for unjust enrichment in the alternative, should there be no remedy at law or express contract between Plaintiffs and the Defendants.

84.     Plaintiffs and members of the Class conferred a benefit on the Universities in the form of tuition and fees paid for the benefit of an in-person and on-campus live education and the services and facilities to which the fees pertained.  The payment of tuition and fees for the semester were

intended to provide these benefits to Plaintiffs and the members of the Class throughout the entire semester.

85.     The Universities appreciated the benefit and have retained the full benefit of the tuition and fees payments by Plaintiffs and the members of the Class for the semester, yet has failed to provide the quality of education and services and facilities for which tuition and the fees were paid, including those for an in-person and on-campus live education, and access to the Universities' services and facilities.

86.     Instead, the Universities provided only the benefits and education similar to those provided to online-only students, who pay a significantly lower rate for such benefits and education.

87.     The Universities' retention of all of the tuition and fees paid by Plaintiffs and members of the Class during the period of time the Universities has been closed, and Plaintiffs and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the fees were paid, is unjust and inequitable under the circumstances.

88.     The costs incurred for having an online only program is significantly lower than the overhead needed to provide classes and services on campus. This is evinced by the significantly lower tuition and fees paid by students enrolled in the online programs at the Universities that offer the same.

89.     Allowing the Universities to retain the tuition and fees paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by the Universities, unjustly enriches the Defendants.

90.     The circumstances render the Universities' retention of the benefit to them inequitable and unfair unless the Universities return the monies paid by Plaintiffs and Class Members.

91.     Accordingly, the Universities should return the prorated portion of the tuition and fees that Plaintiffs and the Class members  each paid equal to the reduction in benefit for education

and services during remainder of the Spring 2020 semester, or the entirety of the Summer 2020 or any future semesters, when in-person and on-campus live education, and access to the Universities' services and facilities were unavailable.

WHEREFORE, Plaintiffs demand judgment for monetary damages in the amount of the total tuition and fees wrongfully paid by Plaintiffs and Class Members, together with interest and costs and an award of attorney's fees as permitted pursuant to applicable law.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and the Class, pray for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiffs as the representatives of the Class under FRCP 23;

(b) Awarding monetary damages, including damages;

(c) Awarding punitive and treble damages;

(d) Declaratory or injunctive relief, or other equitable relief that may be appropriate;

(e) Awarding Plaintiffs and Class Members their costs and expenses incurred in this action, including a reasonable allowance of attorney's fees for Plaintiffs' attorneys and experts, and reimbursement of Plaintiffs' expenses; and

(f) Granting such other and further relief as the Court may deem just and proper.

Date: August 24, 2020

/s/ Joshua H. Eggnatz
Joshua H. Eggnatz, Esq.
Fla. Bar No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar No.: 0083397
**EGGNATZ | PASCUCCI**
7450 Griffin Rd, Ste. 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913
JEggnatz@JusticeEarned.com
Mpascucci@JusticeEarned.com

*Local Counsel for Plaintiff and the Putative Class*

&

**THE SULTZER LAW GROUP, P.C.**
Jeremy Francis, Esq.
sultzerj@thesultzerlawgroup.com
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Telephone: (854) 705-9460
(*Admitted Pro Hac Vice*)

&

**LEEDS BROWN LAW, P.C.**
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
(*Admitted Pro Hac Vice*)

&

**CARLSON LYNCH LLP**
Nicholas A. Colella, Esq.
Ed Ciolko, Esq
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Office:  412.322.9243

Fax:    412.231.0246
ncolella@carlsonlynch.com
eciolko@carlsonlynch.com
(*To be Admitted Pro Hac Vice*)

*Trial Counsel for Plaintiff and the Putative
Class*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 24th day of August 2020, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Middle District of Florida and served a true and correct copy thereof on all counsel of record using the CM/ECF System.

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz