UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JARRETT LAFLEUR, et al.,

    Plaintiffs,

v.                                          Case No: 8:20-cv-1665-T-36AAS

STATE UNIVERSITY SYSTEM OF
FLORIDA, et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Defendants' Motion to Stay Discovery Pending Ruling on Dispositive Motion (Doc. 30), filed on October 19, 2020. In the motion, Defendants request that discovery be stayed pending the Court's ruling on Defendants' motion to dismiss and to strike. Plaintiff has filed a response in opposition (Doc. 32). The Court, having considered the motion and being fully advised in the premises, will deny Defendants' Motion to Stay Discovery Pending Ruling on Dispositive Motion.

### BACKGROUND

This putative class action arises out of claims by students attending universities in the State of Florida seeking a return of a portion of tuition and fees Plaintiffs paid when the universities moved classes to online learning in response to the Novel Coronavirus Disease 2019 (COVID-19). Doc. 15. Plaintiffs, Jarrett LaFleur, Amber Grey, Lindsey Relue, Joshua Harkness, Stacey Lee Field, Nick Capps, and Alyssa

Coates (collectively "Plaintiffs") are students enrolled at universities within the State University System of Florida. Plaintiffs allege they did not receive the in-person benefits and services they contracted and paid for when all the Florida universities transitioned to remote online learning in Spring 2020 and canceled all events, clubs, and organizations, due to the COVID-19 pandemic. *Id.* ¶¶ 3–5.

Plaintiff LaFleur, on behalf of himself and other individuals similarly situated, initiated this action against the Florida Board of Governors and the University of South Florida on July 21, 2020. Doc. 1. On August 24, 2020, LaFleur and the other six named Plaintiffs filed a five-count Amended Complaint, suing Defendants, State University System of Florida, and Timothy M. Cerio, Richard Corcoran, Aubrey Edge, Patricia Frost, H. Wayne Huizenga, Jr., Darlene Luccio Jordan, Sydney Kitson, Charles H. Lydecker, Brian Lamb, Alan Levine, Ally Schneider, Steven M. Scott, Eric Silagy, William Self, Kent Sermon, and Norman D. Tripp in their capacity as members of the Board of Governors, alleging state and federal claims. Doc. 15. The Amended Complaint asserts claims for breach of contract (Count I), violation of the Takings Clause and due process under 42 U.S.C. § 1983 (Counts II and III), conversion (Count IV), and common law unjust enrichment (Count V). *Id.* On October 1, 2020, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion to strike the claims for punitive and treble damages. Doc. 20. Plaintiffs filed a response in opposition. (Doc. 31).

On October 19, 2020, Defendants filed the instant motion to stay (Doc. 30), requesting the Court stay discovery until ruling on the pending motion to dismiss and

to strike. Defendants argue a stay is warranted because of the significant burden and expense on the parties and the Court that engaging in discovery causes where, as here, Defendants' motion raises potentially case-dispositive threshold legal issues, including sovereign immunity. *Id.* at 2–3.  Plaintiffs oppose the motion to stay and respond that Defendants have failed to carry their burden to prove a stay is appropriate. Doc. 32. Additionally, Plaintiffs contend that Defendants fail to demonstrate they will wholly prevail on their defenses, as sovereign immunity has been waived by the State of Florida for breach of contract claims.

## DISCUSSION

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if "good cause" is shown by the party seeking the stay. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted). Accordingly, courts may "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.*

In support of their motion to stay, Defendants contend that the Eleventh Circuit routinely grants stays pending resolution of a motion to dismiss. Doc. 30 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Defendants

3

add that good cause exists for the requested stay because (1) their motion to dismiss is potentially case-dispositive; and (2) proceeding with discovery would impose unnecessary expenses for the parties and waste scarce judicial resources. And even if the entire motion to dismiss is not granted, Defendants submit that a ruling on the motion to dismiss will narrow the issues and eliminate the need for some discovery.

The Court finds Defendants' arguments to be unpersuasive. First, Defendants are incorrect that discovery is repeatedly stayed by courts pending the resolution of a motion to dismiss. In support of their position, Defendants rely on the Eleventh Circuit's opinion in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). The Court, however, disagrees that *Chudasama* stands for such a broad proposition. *See Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (Jenkins, M.J.) ("The holding in *Chudasama* does not establish the general rule that discovery should not proceed while a motion to dismiss is pending."); *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (Covington, J.) (noting that Eleventh Circuit case law, including *Chudasama* and its progeny, does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss."). Indeed, "motions [to stay discovery] are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652; *see also* M.D. Discovery (2015) §1(E)(4) ("Normally, the pendency of a motion to dismiss . . . will

4

not justify a unilateral motion to stay discovery pending resolution of the dispositive motion.").

Second, having taken a "preliminary peek" at the merits of Defendants' motion to dismiss, the Court cannot conclude that there is a "clear possibility" that the motion will be granted in its entirety. Although the Court makes no finding at this time as to the ultimate merits of the motion, it appears that some of Defendants' arguments may be premised on drawing inferences from the allegations that are not favorable to Plaintiffs, which is the incorrect standard of law on a motion to dismiss, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (for purposes of a motion to dismiss the court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion). Moreover, even were the Court to grant the motion to dismiss in its entirety, dismissal likely would not be with prejudice. Therefore, the resolution of the motion to dismiss likely will not be truly case dispositive. This fact militates against granting the requested stay. *See, e.g., Williams v. Educ. Credit Mgmt. Corp.*, Case No. 14–cv–1254, 2015 WL 493767, at *2 (M.D. Fla. Jan. 14, 2015) (denying a motion to stay discovery pending resolution of a motion to dismiss where "it appears likely that this case will proceed regardless of the specifics of this Court's order on [the] motion to dismiss").

Finally, Defendants have offered only conclusory statements regarding the potential costs of discovery, while failing to identify any specific reason why allowing discovery to proceed in this particular case would be unduly burdensome. Moreover, in support of their assertion that Plaintiffs will not be prejudiced by a stay of discovery,

Defendants state simply that "[P]laintiffs will still have time for adequate discovery" after a ruling on the motion. Doc. 30 at 4. To the contrary, however, a delay in discovery may unfairly prevent Plaintiffs from prosecuting their case in a timely manner.

Accordingly, for the reasons stated above, it is hereby:

**ORDERED**:

1. Defendants' Motion to Stay Discovery Pending Ruling on Dispositive Motion (Doc. 30) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 7, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any