UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

J. LAFLEUR, AMBER GREY, LINDSEY
RELUE, JOSHUA HARKNESS, STACEY
LEE FIELD, NICK CAPPS, and ALYSSA
COATES on behalf of themselves and
other individuals similarly situated,

      Plaintiffs,

v.                              CASE NO. 8:20-CV-01665-KKM -AAS

STATE UNIVERSITY SYSTEM OF
FLORIDA; et. al.,

      Defendants.
_____/

**DEFENDANTS' MOTION TO COMPEL RULE 26 DISCLOSURES
AND WRITTEN DISCOVERY RESPONSES**

Defendants, by and through their undersigned counsel, hereby move to compel plaintiffs to provide a computation of damages as required by Rule 26(a)(1)(A)(iii), and to provide answers to defendants' Interrogatory No. 7. The grounds upon which the instant motion is based is set forth in the following Supporting Memorandum of Law.

# SUPPORTING MEMORANDUM OF LAW

## I.

## PRELIMINARY STATEMENT

1. The plaintiffs filed this action on July 21, 2020. [Doc. 1]. On August 24, 2020, the plaintiffs filed their First Amended Class Action Complaint. [Doc. 15].

2. On December 2, 2020, plaintiffs served Plaintiff's Initial Rule 26(a)(1) Disclosures. With respect to the damages disclosure required by Rule 26(a)(1)(A)(iii), plaintiffs stated as follows:

> Pro-rata shares of the tuition and mandatory fees paid by Plaintiffs and the putative Class Members for educational services and experiences not received as a result of Defendants response to the Coronavirus Pandemic. Plaintiffs are unable to calculate a more precise amount until records that are solely in the possession, custody, or control of Defendants are produced. Plaintiffs reserve the right to supplement this response with a damage model at an appropriate time when discovery has been completed.

3. On December 18, 2020, defendants served identical sets of interrogatories on the seven plaintiffs. Interrogatory No. 7 stated:

> 7. Please describe in complete detail each item of damage you contend you sustained. Include in your answer: (i) the nature and amount of damage, including, without limitation, whether the damage being claimed is actual or statutory; (ii) the factual basis for each item of damage; (iii) an explanation of how you computed each item of damage, including any mathematical formula used; and (iv) the identity of any documents

and/or electronically stored data reviewed, relied upon and/or supporting your damage calculation.

4.   Plaintiffs served their responses to defendants' interrogatories on January 19, 2021.  Each of the seven plaintiffs responded to Interrogatory No. 7 as follows:

> **Response No. 7:**  Plaintiff [   ] objects to the extent that this interrogatory is premature in that it seeks legal conclusions and expert discovery that has not yet been completed, including the production of all financial record from the Defendants reflecting the accounting procedures in place during Plaintiff's enrollment and such records from each semester.  Notwithstanding these objections, Plaintiff has not yet calculated the exact damages she suffered from Defendant's wrongful conduct because they are not yet in possession of the necessary information, including precise amount of class members, details on the precise closure dates and locations, the total amount of tuition and fees retained by Defendant, and other material information reflecting the services actually available to the Plaintiff.  However, Plaintiff claims damages in the amount of the pro-rated tuition and fees she paid for in-person education and on-campus services but did not receive.  Plaintiff also seeks to recover her attorneys' fees and costs incurred in this litigation as well as the other relief outlined in the Amended Complaint.

## II.

## ARGUMENT

Rule 26(a)(1)(A)(iii) provides, in relevant part:  "[A] party must, without awaiting a discovery request, provide the other parties . . . a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying under Rule 34 the documents or other

3

evidential material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . . ."

"[T]o comply with the initial disclosure requirements of Rule 26, parties must perform 'some analysis,' and cannot rely on general statements." *Boldstar Tech., LLC v. Home Depot USA, Inc.,* 2008 U.S. Dist. LEXIS 125859 at *2 (S.D. Fla. Feb. 28, 2008); *McBride v. Coats,* 2007 U.S. Dist. LEXIS 79028 at *1 (M.D. Fla. Oct. 24, 2007) (the Rule's computation provision requires plaintiff perform some analysis and provide more than a mere "lump sum statement" of alleged damages).

Rule 26(a)(1)(E) identifies "unacceptance excuses" for nondisclosure. It provides that "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the legal sufficiency of another party's disclosures or because another party has not made its disclosures." Fed.R.Civ.P. 26(a)(1)(E).

Moreover, Rule 11 requires a factual basis to support a claim for damages at the time a complaint is filed. As noted in *Moore's Federal Practice:*

> A party claiming damages must, of course, have some evidence that an injury occurred and some basis for calculating the damages the party suffered as a result of that injury before filing suit. The party making such a claim, therefore, has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it

4

concerning that claim, however limited and potentially changing it may be.

*6 Moore's Federal Practice*, ¶ 26.22 [4][c][ii] (3d ed. 2004); *see also Woods v. Demmer Corp.*, 2010 U.S. Dist. LEXIS 37741 at *2 (W.D. Mich. Apr. 16, 2010) ("[t]he very fact that plaintiff has represented to the court in his complaint that his damages 'are in excess of $50,000' suggests that he has a reasonable basis for that assertion, *see* Rule 11(b), and that he can supply that computation and identify any documents supporting it").

Here, plaintiffs have failed to comply with the requirements of Rule 26(a)(1)(A)(iii). They have completely failed to provide defendants with any computation of damages or documents and supporting such computation.

Plaintiffs' assertion that they are unable to calculate their damages - - - at all - - - until defendants produce records is an "unacceptable excuse" under Rule 26(a)(1)(E). *See American Enterprises Collision Center, Inc. v. Travelers Property and Casualty Co. of America*, 2010 WL 11507335, at *3 (M.D. Fla. Sept. 17, 2010) (rejecting Rule 26(a)(1)(A)(iii) response stating: "[t]he exact amount of the coverage has not yet been computed"); *Peninsula Group Capital Corp. v. Greater Orlando Aviation Authority*, 2010 U.S. Dist. LEXIS 150243 at *3 (M.D. Fla. June 17, 2010) ("although estimates are often necessary in lieu of the precise damage calculation, they do not

5

preclude a party from complying with the rule"); *Beach-Mathura v. American Airlines, Inc.,* 2008 U.S. Dist. LEXIS 94017 (S.D. Fla. Nov. 10, 2008) (rejecting Rule 26(a)(1)(A)(iii) response that the computation of damages "cannot be reached at this time"); *Dixon v. Bankhead,* 2000 U.S. Dist. LEXIS 23497 at *1 (N.D. Fla. Dec. 20, 2000) ("[t]hat Defendant had the records does not comply with the requirement that Plaintiff provide a computation").

Moreover, plaintiffs' assertion is simply not true. The plaintiffs can be reasonably expected to know what classes they attended in Spring 2020 and Summer 2020 and what tuition and fees they paid for those semesters. After all, Paragraph Nos. 37-43 of the Amended Complaint delineates the specific amounts each plaintiff paid for tuition and fees for those semesters.

Simply put, defendants should not be left to guess as to plaintiffs' damages claims. Either plaintiffs have claims for damages or they do not. If plaintiffs do in fact have claims for damages, they are obligated to comply with Rule 26 and provide a computation for each category of damages as well as any supporting documents. *See Hopper v. Mitsubishi USA, Inc.,* 2006 WL 8439378 at *4 (M.D. Fla. Mar. 24, 2006) (compelling adequate damages disclosures and interrogatory

responses and observing that Rule 26 disclosures are required so defendant is not "left to guess as to the elements of [p]laintiff's claimed damages").

Plaintiffs' responses to Interrogatory No. 7 are similarly unresponsive and evasive, and plaintiffs should be required to provide adequate responses to that interrogatory. *See LeBlanc v. Unified CCR Partners, G.P.*, 2007 U.S. Dist. LEXIS 62141 at *1 (M.D. Fla. 2007) (granting motion to compel plaintiff to respond to interrogatory regarding damages and stating: "Defendant is entitled to such information in order to prepare for any settlement discussions, mediation, and trial of this cause…"); *Border Collie Rescue, Inc. v. Ryan*, 2005 U.S. Dist. LEXIS 5983 at *2 (M.D. Fla. Mar. 15, 2005) (interrogatory requesting details regarding plaintiffs' alleged damages deemed permissible); *Ilerol Trucking, Inc. v FedEx Ground Package System, Inc.*, 2008 U.S. Dist. LEXIS 27471 *1 (S.D. Fla. 2008) (compelling plaintiff to respond to interrogatory requesting "a detailed damages calculation including the total amount sought, the factual basis for the amount and a description of the documents upon which the calculation was based").

## III.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court enter a Order compelling the plaintiffs to provide a computation of each category of damages and provide supporting documents, as required by Rule 26(a)(1)(A)(iii), and to provide answers to Interrogatory No. 7.

## LOCAL RULE 3.01(g) CONCILIATION

Undersigned counsel hereby certifies that he has conferred with plaintiffs' counsel in a good faith effort to resolve the issues raised by this motion, through a conference call conducted on January 28, 2021, through follow-up e-mails, and through correspondence dated February 8, 2021, but the parties have been unable to resolve such issues.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla M. Page
Email: pagec@gtlaw.com
Florida Bar No. 1003487
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900

8

             Tampa, FL  33602
             (813) 318-5700 – Telephone
             (813) 318-5900 – Facsimile
             Attorney for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 9, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

        Michael James Pascucci
        Joshua Harris Eggnatz
        EGGNATZ PASCUCCI, P.A.
        7450 Griffin Road, Suite 230
        Davie, FL  33314-4104
        mpascucci@justicearned.com
        jeggnatz@justicearned.com

        Jason P. Sultzer
        (Pro Hac Vice)
        Jeremy P. Francis
        (Pro Hac Vice)
        Adam Gonnelli
        (Pro Hac Vice Pending)
        THE SULTZER LAW GROUP, P.C.
        85 Civic Center Plaza, Suite 104
        Poughkeepsie, NY  12601
        sultzerj@thesultzerlawgroup.com
        francisj@thesultzerlawgroup.com
        Gonnellia@thesulzterlawgroup.com

        Brett R. Cohen
        (Pro Hac Vice Pending)

Jeffrey K. Brown
(Pro Hac Vice Pending)
Michael K. Tompkins
(Pro Hac Vice Pending)
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY  11514
bcohen@leedsbrownlaw.com
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

/s/ Richard C. McCrea, Jr.
Attorney

ACTIVE 55119540v1