UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

J. LAFLEUR, AMBER GREY, LINDSEY
RELUE, JOSHUA HARKNESS, STACEY
LEE FIELD, NICK CAPPS, and ALYSSA
COATES on behalf of themselves and
other individuals similarly situated,

      Plaintiffs,

v.                               CASE NO. 8:20-CV-01665-CEH-TGW

STATE UNIVERSITY SYSTEM OF
FLORIDA; TIMOTHY M CERIO,
RICHARD CORCORAN, AUBREY EDGE,
PATRICIA FROST, H. WAYNE
HUIZENGA, JR., DARLENE LUCCIO
JORDAN, SYDNEY KITSON,
CHARLES H. LYDECKER, BRIAN LAMB,
ALAN LEVINE, ALLY SCHNEIDER,
STEVEN M. SCOTT, ERIC SILAGY,
WILLIAM SELF, KENT STERMON,
and NORMAN D. TRIPP, and other
affiliated entities and individuals,

      Defendants.
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

      Defendants, by and through their undersigned counsel and pursuant to Rule 26(c), hereby move for a protective order to preclude or stay certain discovery

*ACTIVE 55398326v2*

requests propounded by Plaintiffs related to merits of their uncertified class claims, pending a determination on class certification. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

## SUPPORTING MEMORANDUM OF LAW

### I.

### PRELIMINARY STATEMENT

Plaintiff J. LaFleur ("LaFleur") and six other individuals (collectively, the "Named Plaintiffs") filed the instant action on behalf of themselves and a putative class of "approximately 340,000 Class Members" who paid tuition and fees to attend one of the twelve public universities in the State of Florida (the "Universities") during one or more semesters affected by the COVID-19 pandemic. [Doc. 15 ¶¶ 42, 44]. The Amended Complaint asserts five claims against the "State University System of Florida" and the Florida Board of Governors arising out of public safety measures undertaken to protect students and the public from the ongoing COVID-19 pandemic and, on that basis, it seeks return of a portion of tuition and fees that plaintiffs paid to the attend the Universities. No class has yet been certified and quite possibly never will be, given

the absence of any common contract between the Universities and the putative class members and given the multiplicity of ways in which each student might form his or her own expectation of receiving in-person education under these unprecedented circumstances. The deadline for class certification is March 22, 2021.

On February 8, 2021, Plaintiffs issued Rule 45 subpoenas *duces tecum* to be served on all twelve Universities—only 5 of which a Named Plaintiff attends—seeking sweeping discovery primarily directed toward the merits of plaintiffs' classwide claims.[1] Consistent with the law of this Circuit and the principles of proportionality embodied in the Federal Rules of Civil Procedure, the Court should limit precertification class discovery to only what is necessary to determine the propriety of class certification, and it should preclude classwide merits discovery unless and until the seven Named Plaintiffs can demonstrate entitlement to proceed on behalf of the putative class of several hundreds of thousands.

---

[1] A copy of plaintiffs' Notice of Service of Subpoenas is attached hereto as Exhibit "A."

## II.

## **ARGUMENT**

Rule 26(c) permits the Court, upon a showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order prohibiting or delaying discovery into certain areas or limiting the scope, manner, or terms and conditions under which discovery is conducted. Fed. R. Civ. P. 26(c). Courts "have broad discretion" to limit or phase discovery under Rule 26(c), *Schwanke v. JB Med. Mgmt. Sols., Inc.*, 2017 U.S. Dist. LEXIS 111231, at *11 (M.D. Fla. July 18, 2017) (granting protective order to limit scope of precertification class discovery), and this discretion should be exercised "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. A party may seek relief under Rule 26(c) on grounds of relevance and proportionality regardless of whether the discovery at issue was propounded on that party or on a separate third party pursuant to Rule 45. *See JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 317 F.R.D. 587, 588-89 (M.D. Fla. 2016).

There can be little doubt that "class discovery can be an expensive and burdensome process." *Ogden v. Bumble Bee Foods, LLC,* 292 F.R.D. 620, 624 (N.D.

4

Cal. 2013). The Court's decision on plaintiffs' forthcoming class certification motion may significantly narrow if not entirely obviate the need for classwide discovery in this matter. *See* Federal Judicial Center, *Manual for Complex Litigation* § 11.213, at 40 (4th ed. 2004) ("[c]lass certification or its denial will have a substantial impact on further proceedings, including the scope of discovery").

For this reason, the Eleventh Circuit has expressly approved of "postpon[ing] classwide discovery on the merits" until after class certification, in order to "make early class determination practicable and to best serve the ends of fairness and efficiency." *Washington v. Brown & Williamson Tobacco*, 959 F.2d 1566, 1570-71 (11th Cir. 1992); *see also Grigsby v. North Mississippi Med. Ctr., Inc.*, 586 F.2d 457, 460 (5th Cir. 1978) (district court "acted well within its discretion in circumscribing plaintiffs' request [to class certification matters] to prevent an undue burden on defendants")[2]; *Rebman v. Follet Higher Education Group, Inc.*, 2007 U.S. Dist. LEXIS 32601 at *7 (M.D. Fla. May 3, 2007) ("[w]hile merits and damages discovery may be appropriate at some stage of the litigation, it is premature to require [the production of] the detailed information requested at this time as to the

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

entire putative class"); *Commonwealth v. Higgins*, 975 So.2d 1169, 1174 (Fla. 1st DCA 2008) ("As a general rule. . . precertification discovery should be limited to matters relevant to class certification").

Deferring classwide merits discovery until it is clear that it will be necessary is especially appropriate in cases such as this one, where the plaintiffs seek virtually unlimited access to the educational records of several hundred thousand students, whom the Named Plaintiffs have not yet established a right to represent. As one district court observed:

> Certainly, class determination is preferable before substantial discovery on the merits has been conducted. Where the plaintiffs seek to represent a large national class on a broad spectrum of [issues], discovery can require immense commitments of time, money and resources and involve innumerable documents and records. Neither party would benefit from such extensive expenditures when it could have been determined in the early stages that a class action was not appropriate or that the class must be more limited in scope than originally alleged by the plaintiffs.

*Karan v. Nabisco, Inc.*, 78 F.R.D. 388, 396 (W.D. Pa. 1978).

There can be no doubt here that plaintiffs are seeking classwide merits discovery prior to class certification. Although the Named Plaintiffs are students of only five of the Universities, they have served identical 40-paragraph document demands on all twelve Universities. *See* Notice of Service of Subpoena (attached

hereto as Ex. A).  University officials should not be put to the burden and expense of responding to sweeping discovery demands when it is not clear that a single one of their students will ever be joined as plaintiffs in this action.

Even as to the subpoenas directed to those universities that the Named Plaintiffs attend, only a handful of plaintiffs' requests (Nos. 1-2, 7, 16-17, 19, 22) are actually tailored to the Named Plaintiffs' individual claims.  The remainder sweep well beyond those claims, seeking material that would only become relevant if and when plaintiffs' putative class is certified.  Indeed, taken as a whole, the subpoenas demand nearly every scrap of paper the Universities have ever sent to or received from their students.  For example, plaintiffs seek "all agreements between the University and the putative Class Members" regardless of subject matter, a category that will inevitably sweep in material—such as medical consent forms, student employment contracts, dining plan agreements, student housing contracts, study abroad agreements, financial aid agreements, disciplinary resolutions, and scholarship agreements—wholly unrelated to this action.  Doc. No. 3; *see also* Doc. Nos. 36-39 (seeking "[a]ny and all documents" that students execute to be admitted, enroll, register, or pay tuition at the Universities, regardless of subject matter).  The subpoenas also demand all "[a]pplication

7

materials sent to *or from* the putative class members." (No. 18) (emphasis added). This request is not only premature and burdensome on its face, but it also calls for intensely private student information, such as application essays, disability disclosure forms, financial aid submissions, and the like.

At a very minimum, the Universities should be spared the obligation of responding to these and similar classwide merits requests until it is clear, following certification, that such sweeping discovery will be relevant. Moreover, it does not serve the interests of judicial economy for the Court to adjudicate the potentially complex and sensitive student privacy issues implicated by the plaintiffs' numerous requests for the education records of hundreds of thousands of students not yet joined in this action, *see, e.g.*, Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and Section 1006.52, *Florida Statutes*, when the need to do so may be entirely obviated by a decision on the propriety and scope of the proposed class.

Notably, the need for discovery related to class certification is extremely limited, if not entirely absent, in this case. In cases such as this one, where "the propriety *vel non* of class certification can be gleaned from the face of the

pleadings,[3]" all class discovery, including class certification discovery, may be precluded prior to certification.  *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1311 (11th Cir. 2008).  Plaintiffs have failed to allege the existence of an express, written contract, common to the proposed class members, that provides for the provision of in-person educational experiences; instead, they merely allege that Defendants entered into an implied contract with plaintiffs "[b]y accepting payment[s]" for tuition and fees, which were "intended" by the Named Plaintiffs and putative class members to be in exchange for in-person classes and activities.  [Am. Compl. ¶¶ 54, 56].  If permitted to proceed to judgment[4], plaintiffs' breach of contract claims, like their claims for unjust enrichment and other derivative claims, would thus turn on the individual intent and understanding of each class member.  *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) ("Vega has not shown commonality under a breach of contract theory because he has not alleged in his

---

[3] *See James D. Henson Elec. Contracting Co. v. AT&T Servs., Inc.*, 2014 U.S. Dist. LEXIS 36713, at *3 (M.D. Fla. Mar. 20, 2014) ("[w]here the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification"); *see also Taylor v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 138252, at *26 (M.D. Fla. Aug. 8, 2017) (granting motion to dismiss class action complaint).

[4] As Defendants have noted in their pending Motion to Dismiss, there is no waiver of sovereign immunity to permit the maintenance of breach of contract claims against Defendants in the absence of an express, written contract.

complaint the existence of a common contract…. Without the existence of a common contract, of course, there can also be no commonality…. Lacking commonality, the allegations in Vega's complaint obviously must fail the predominance test as well"). Accordingly, the absence of commonality and predominance under Rule 23 is apparent from the face of the pleadings, with no need for additional fact-finding. *See King v. UA Local 91*, 2020 U.S. Dist. LEXIS 123969 at *13-14 (N.D. Ala. July 15, 2020) (deciding class certification without permitting discovery where complaint did not state a facially plausible case for certification).

Without prejudice to that position, Defendants recognize that the Eleventh Circuit has opined that "*limited* discovery" on class certification issues will sometimes be helpful to courts in evaluating the propriety of class certification. *See Mills*, 511 F.3d at 1311 (emphasis added). For that reason, Defendants do not seek relief against the following requests, to the extent they may further illuminate the existence, or lack of existence, of a common contractual obligation (and are not otherwise unduly burdensome or otherwise objectionable to the responding Universities):

- Request No. 5 ("All handbooks, course catalogs (online or physical), class descriptions, or student guidelines that were in use at the University since

January 2015")

- Request No. 6 ("Representative samples of all marketing materials and promotion materials utilized by the University since 2015 during the application process, enrollment process, registration process, or payment process, as available to students or potential students").

- Request No. 20 ("Copies of all application packets mailed or sent to the putative class members or that were made available electronically to putative class members.")

- Request No. 31 ("Copies of the contents of the standard admissions package sent to admitted University students during the Relevant Period").

If plaintiffs are still unable, with this information in hand, to demonstrate the existence of a common contractual obligation sufficient to satisfy the commonality and predominance requirements of Rule 23, no amount of additional discovery will assist them. The remainder of plaintiffs' requests sweep well beyond the scope of "limited" class certification discovery, as they are neither "necessary or helpful" to resolve any disputed issues under Rule 23. *See Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974); *see also Stewart v. Winter*, 669 F.2d 328 (5th Cir. 1982) (cited with approval in *Brown & Williamson Tobacco*, 959 F.2d at 1570-71.

In light of the breadth of the class discovery that plaintiffs seek and the complexity of issues that it would create for the Universities, the parties, and the Court—issues that may well be moot once the Court rules on class certification—

the equities counsel strongly in favor of limiting class discovery prior to certification. Deferring broad merits class discovery until after the Court entertains plaintiffs' class certification motion, due in less than one month, will not meaningfully prejudice plaintiffs. Indeed, as one court has observed, "*[n]either party* would benefit from [] extensive expenditures" on precertification class discovery that may ultimately prove wasted. *Karan v. Nabisco, Inc.*, 78 F.R.D. at 396 (emphasis).

## II.

## CONCLUSION

For the foregoing reasons, defendants respectfully request entry of a Protective Order staying classwide merits discovery pending class certification and excusing the Universities from responding to Document Request Nos. 4-6, 8-15, 18, 21-30, 32-40.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with plaintiffs' counsel regarding the relief sought by this motion through a series of e-mail communications on February 23, 24, and 25, 2021 and the parties have not been able to agree on a resolution of this motion.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, FL  33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
Attorney for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 25, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Michael James Pascucci
Joshua Harris Eggnatz
EGGNATZ PASCUCCI, P.A.
7450 Griffin Road, Suite 230
Davie, FL  33314-4104
mpascucci@justicearned.com
jeggnatz@justicearned.com

Jason P. Sultzer
*(Pro Hac Vice)*
Jeremy P. Francis
*(Pro Hac Vice)*
Adam Gonnelli

*(Pro Hac Vice Pending)*
THE SULTZER LAW GROUP, P.C.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com
Gonnellia@thesulzterlawgroup.com
Brett R. Cohen
*(Pro Hac Vice)*
Jeffrey K. Brown
*(Pro Hac Vice Pending)*
Michael K. Tompkins
*(Pro Hac Vice)*
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
bcohen@leedsbrownlaw.com
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

Edward W. Ciolko
*(Pro Hac Vice)*
CARLSON LYNCH, LLP
1133 Penn Avenue, 5th Floor
Pittsburg, PA 15222
eciolko@carlsonlynch.com

/s/ Richard C. McCrea, Jr.
Attorney