UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**J. LAFLEUR, AMBER GREY, LINDSEY RELUE, JOSHUA HARKNESS, STACEY LEE FIELD, NICK CAPPS, and ALYSSA COATES on behalf of themselves and other individuals similarly situated,**

    Plaintiffs,

v.                                        Case No.: 8:20-cv-1665-KKM-AAS

**STATE UNIVERSITY SYSTEM OF FLORIDA; et al.,**

    Defendants.
_____/

## ORDER

The defendants move the court to compel the plaintiffs to provide a computation of damages as required by Rule 26(a)(1)(A)(iii), and to provide amended answers to the defendants' Interrogatory No. 7.[1] (Doc. 53). The plaintiffs respond that they can only provide a partial calculation of damages because they are awaiting production of materials from third parties or the

---

[1] The defendants' interrogatory no. 7 also requests a computation of damages. Interrogatory No. 7 states, "Please describe in complete detail each item of damage you contend you sustained. Include in your answer: (i) the nature and amount of damage, including, without limitation, whether the damage being claimed is actual or statutory; (ii) the factual basis for each item of damage; (iii) an explanation of how you computed each item of damage, including any mathematical formula used; and (iv) the identity of any documents and/or electronically stored data reviewed, relied upon and/or supporting your damage calculation." (Doc. 53, pp. 2–3).

1

defendants that will affect the computation of damages. (Doc. 56).

    Federal Rule of Civil Procedure 26(a) provides:

Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
....

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(a) further provides, "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case ...." Fed. R. Civ. P. 26(a)(1)(E).

    Under Fed R. Civ. P. 26(a)(1), "It is not Defendant's task to calculate Plaintiff's damages for her, nor must Defendant be left to guess as to the elements of Plaintiff's claimed damages. Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in a mind that a party is under a duty to supplement its response, as appropriate." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007). "[A]lthough estimates are often necessary in lieu of the precise damage calculation, they do not preclude a party from complying with the

rule." *Peninsula Grp. Capital Corp. v. Greater Orlando Aviation Auth.*, No. 6:09-cv-2097-Orl-35GJK, 2010 WL 11507775, at *3 (M.D. Fla. June 17, 2010). "[T]o comply with the initial disclosure requirements of Rule 26, parties must perform 'some analysis,' and cannot rely on general statements." *Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-80435-CIV, 2008 WL 11320010, at *2 (S.D. Fla. Feb. 28, 2008) (citing *McBride v. Coats*, No. 8:06-cv-1490-T-24EAJ, 2007 WL 3144028, *1 (M.D. Fla. Oct. 24, 2007)).

The plaintiffs' initial disclosures fail to meet the requirements of Rule 26. The plaintiffs' responses to interrogatory no. 7 are similarly inadequate.[2] The defendants are entitled to the plaintiffs' damages computation. *See Ilerol Trucking, Inc. v. FedEx Ground Package Sys., Inc.*, No. 07-22817-CV-HUCK, 2008 WL 750008, at *1 (S.D. Fla. Mar. 19, 2008) (compelling plaintiff to respond to interrogatory requesting "a detailed damages calculation including

---

[2] The plaintiffs' responses to Interrogatory No. 7 state, "Plaintiff [ ] objects to the extent that this interrogatory is premature in that it seeks legal conclusions and expert discovery that has not yet been completed, including the production of all financial record from the Defendants reflecting the accounting procedures in place during Plaintiff's enrollment and such records from each semester. Notwithstanding these objections, Plaintiff has not yet calculated the exact damages she suffered from Defendant's wrongful conduct because they are not yet in possession of the necessary information, including precise amount of class members, details on the precise closure dates and locations, the total amount of tuition and fees retained by Defendant, and other material information reflecting the services actually available to the Plaintiff. However, Plaintiff claims damages in the amount of the pro-rated tuition and fees she paid for in-person education and on-campus services but did not receive. Plaintiff also seeks to recover her attorneys' fees and costs incurred in this litigation as well as the other relief outlined in the Amended Complaint." (Doc. 53, p. 3).

3

the total amount sought, the factual basis for the amount and a description of the documents upon which the calculation was based").

The defendants' motion to compel the plaintiffs to provide a computation of damages as required by Rule 26(a)(1)(A)(iii), and to provide amended answers to interrogatory no. 7 (Doc. 53) is **GRANTED**. By **March 29, 2021**, the plaintiffs must amend their responses to interrogatory no. 7 and supplement their initial disclosures to include damages figures (whether actual or estimated) and their calculation methodology.

**ORDERED** in Tampa, Florida on March 15, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge